## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

DMO NORWOOD LLC d/b/a Dan O'Brien Kia
Norwood,

                Plaintiff,

        v.

KIA AMERICA, INC.,

                Defendant.

Civil Action No. _____

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Kia America, by its attorneys, hereby removes this action from the Superior Court of the Commonwealth of Massachusetts for the County of Norfolk to the United States District Court for the District of Massachusetts, and as grounds for removal states as follows:

1.      On March 25, 2022, Defendant was served with a Summons and Order of Notice (the "Summons") and a Verified Complaint (the "Complaint") in an action filed by Plaintiff DMO Norwood LLC d/b/a Dan O'Brien Kia Norwood in the Superior Court of the Commonwealth of Massachusetts, Norfolk County, Case Number 2282CV00271 (the "State Court Action").

2.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint are attached hereto as Exhibits A and B, respectively.

3.      In addition, Defendant was served on March 25, 2022, with (i) Plaintiff's Motion for Appointment as Special Process Server, a true and correct copy of which is annexed hereto as Exhibit C; (ii) Clerk's Notice of Entry of Order allowing the appointment of a special process

server, a true and correct copy of which is annexed hereto as Exhibit D; (iii) Plaintiff's Motion for

a Preliminary Injunction, a true and correct copy of which is annexed hereto as Exhibit E; (iv)

Plaintiff's Motion for Short Order of Notice, a true and correct copy of which is annexed hereto

as Exhibit F; (v) Clerk's Notice of entry of short order of notice, a true and correct copy of which

is annexed hereto as Exhibit G; (vi) Plaintiff's Memorandum in Support of Motion for Preliminary

Injunction, a true and correct copy of which is annexed hereto as Exhibit H; (vii) Affidavit of

Thomas Kuhn In Support of Plaintiff's Motion for Preliminary Injunction, a true and correct copy

of which is annexed hereto as Exhibit I; (viii) Civil Tracking Order, a true and correct copy of

which is annexed hereto as Exhibit J; (ix) Civil Action Cover Sheet, a true and correct copy of

which is annexed hereto as Exhibit K; and (x) Corporate Disclosure Statement of Plaintiff DMO

Norwood LLC, a true and correct copy of which is annexed hereto as Exhibit L.  Other than the

foregoing documents, no pleadings, process, or orders have been served upon Defendant in the

State Court Action.

### Procedural Requirements for Removal

4.      Removal of the State Court Action to this Court satisfies the procedural

requirements of 28 U.S.C. § 1446.  This Court is the "district court of the United States for the

district and division within which [this] action is pending." 28 U.S.C. § 1446(a).

5.      Removal to this Court is proper under 28 U.S.C. § 1441(a) because The Superior

Court of Massachusetts, Norfolk County, where this action was filed, is within the District of

Massachusetts.  *See* 28 U.S.C. § 101.

6.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it is filed

within 30 days after the receipt by Defendant, through service or otherwise, of a copy of the initial

pleading setting forth the claim for relief upon which such action or proceeding is based.

2

7.      Pursuant to 28 U.S.C. § 1446(d), Defendants will also file a copy of this Notice of Removal with the Clerk of the Superior Court of the Commonwealth of Massachusetts, Norfolk County, with a copy to Plaintiff's counsel.

**Diversity Jurisdiction**

8.      The State Court Action is properly removed to this Court under 28 U.S.C. §§ 1441(a) and 1332(a)(1) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

9.      For purposes of diversity jurisdiction, a corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).

10.      Defendant is a citizen of the State of California, where it is incorporated and where it has its principal place of business.  *See* Complaint, ¶ 2.

11.      Plaintiff is a Massachusetts limited liability company  ("LLC").  *See* Complaint, ¶ 1.

12.      For purposes of diversity jurisdiction, the citizenship of an LLC is determined by the citizenship of each of its members.

13.      The sole member of Plaintiff is Dan O'Brien, a citizen of the State of New Hampshire.  *See* Complaint, ¶ 9.

14.      Because Defendant is a citizen  of the State of California, and Plaintiff is a citizen of the State of New Hampshire, there is complete diversity of citizenship.

15.      While the Complaint does not specify the amount of Plaintiff's alleged damages or the value of its requested injunctive relief, and although Defendant intends to dispute that Plaintiff is entitled to any relief, the amount Plaintiff's claims place in controversy exceeds $75,000 by a substantial amount.

3

16.     For example, Plaintiff is seeking an injunction to prevent the termination of its Kia dealership franchise. Plaintiff alleges that it purchased the franchise at a purchase price of $750,000 and has invested over $3 million in the dealership since it opened. See Complaint, ¶ 8.

17.     Accordingly, the value of the injunctive relief alone satisfies the jurisdictional threshold for diversity jurisdiction under 28 U.S.C. § 1332(a) by a substantial amount, exclusive of interest and costs. In addition, according to the Civil Cover Sheet filed by Plaintiff in state court (Ex. K hereto), Plaintiff is seeking "damages in excess of $1 million" as well as attorney's fees.

18.     For all of the foregoing reasons, removal is proper under 28 U.S.C. §§ 1441(a) and 1332(a)(1).

19.     Nothing in this Notice of Removal constitutes a waiver or admission of any allegation, defense, argument, or principle of equity available to Defendant.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant hereby removes the State Court Action to the United States District Court for the District of Massachusetts.

Dated:  March 29, 2022                    HOGAN LOVELLS US LLP
                                          *s/ Anthony E. Fuller*
                                          Anthony E. Fuller (BBO #633246)
                                          125 High Street Suite 2010
                                          Boston, MA 02110
                                          (617) 371-1000
                                          anthony.fuller@hoganlovells.com

                                          *Attorney for Defendant*

4