UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DMO NORWOOD LLC d/b/a Dan O'Brien Kia Norwood,<br><br>          Plaintiff/Counterclaim Defendant,<br><br>   v.<br><br>Kia America, Inc.,<br><br>          Defendant/Counterclaim Plaintiff. | Case No. 1:22-cv-10470-ADB |

### DECLARATION OF ALAN M. MENDELSOHN IN SUPPORT OF KIA AMERICA, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSE TO INTERROGATORY

I, Alan M. Mendelsohn, declare under penalty of perjury that the foregoing is true and correct:

1. I am an attorney at the law firm Hogan Lovells US LLP, counsel to Defendant and Counterclaim Plaintiff Kia America, Inc. ("Kia") in the above-captioned proceeding. I am a member in good standing of the State Bar of New York. I submit this declaration in connection with Kia's motion to compel Plaintiff and Counterclaim Defendant DMO Norwood LLC d/b/a Dan O'Brien Kia Norwood ("DMO Norwood") to produce certain documents and fully answer one interrogatory. I have personal knowledge of the matters set forth in this declaration and, if called as a witness, could testify to its contents.

2. I participated in a telephone call with DMO Norwood's prior counsel, James Radke of Murtha Cullina LLP, on March 24, 2023. During that call, Mr. Radke explained that DMO

Concord and DMO North Hampton's counsel in the New Hampshire Motor Vehicle Industry Board proceeding (Burns Levinson) would be substituted as counsel for DMO Norwood, and requested that Kia wait to file its motion to compel (which would include a request to compel the production of floorplan and inventory records, among other things) until after the substitution of counsel was effectuated.[1]  Kia agreed to do so as a professional courtesy.  DMO Norwood's counsel still did not state during that call whether DMO Norwood would produce any of the documents or information referenced in Kia's March 6 email, including the floorplan and inventory records.

3.  On March 28, 2023, I participated in a telephone call with Sara Judge and Greg Paonessa of Burns Levinson, who were substituted as counsel for DMO Norwood (and also represented DMO Concord and DMO North Hampton in the Board proceeding).  During that call, the parties discussed the extension of the case schedule, but DMO Norwood's counsel did not provide any answers as to the outstanding discovery issues.

4.  On May 8, 2023, I participated in a meet-and-confer with Sara Judge and Greg Paonessa of Burns Levinson concerning certain remaining issues Kia identified with respect to DMO Norwood's discovery responses.  DMO Norwood's counsel agreed to let Kia know DMO Norwood's positions on the remaining issues discussed during the May 8 meet-and-confer by May 12.

5.  Attached hereto as Exhibit 1 is a true and correct copy of DMO Norwood's responses and objections to Kia's First Set of Requests for Production of Documents.

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings provided in the Memorandum In Support of Kia's Motion to Compel.

6. Attached hereto as Exhibit 2 is a true and correct copy of DMO Norwood's responses and objections to Kia's Second Set of Requests for Production of Documents.

7. Attached hereto as Exhibit 3 is a true and correct copy of DMO Norwood's answers to Kia's Second Set of Interrogatories.

8. Attached hereto as Exhibit 4 is a true and correct copy of my email exchange with James Radke and Tom Vangel of Murtha Cullina, beginning on March 6 and ending on March 24, 2023.

9. Attached hereto as Exhibit 5 is a true and correct copy of my email exchange with Burns Levinson, beginning on March 24 and ending on March 27, 2023.

10. Attached hereto as Exhibit 6 is a true and correct copy of my email to Burns Levinson on April 18, 2023.

11. Attached hereto as Exhibit 7 is a true and correct copy of the letter Hogan Lovells sent to Burns Levinson on April 24, 2023.

12. Attached hereto as Exhibit 8 is a true and correct copy of my email exchange with Burns Levinson beginning on April 24 and ending on May 11, 2023.

13. Attached hereto as Exhibit 9 is a true and correct copy of the letter Burns Levinson sent to Hogan Lovells on May 5, 2023.

14. Attached hereto as Exhibit 10 is a true and correct copy of the email from Burns Levinson to Hogan Lovells on May 12, 2023.

Executed on 17th day of May, 2023.

*/s/ Alan M. Mendelsohn*
Alan M. Mendelsohn

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2023, I filed the foregoing document through the Court's ECF system, which will cause copies of the document to be sent electronically to the registered participants as identified on the Notice of Electronic Filing, including Plaintiff's counsel.

*/s/ Kayla H. Ghantous*
Kayla H. Ghantous
